JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE SCHNEIDER,<br>    Plaintiff,<br><br>    v.<br><br>AMPLIFON HEARING HEALTH CARE, CORP., et al.,<br>    Defendants. | 2:24-cv-5663-DSF-AJR<br><br>Order REMANDING Case |

    Defendants have removed this case from state court based on diversity jurisdiction. Defendants acknowledge that Defendant Camille Meine is not diverse from Plaintiff but argue that Meine is a sham defendant whose citizenship should be disregarded for the purposes of diversity jurisdiction.

    A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir.

2009)) (emphasis in original).  In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  Id. at 550.

      Plaintiff asserts a single claim for harassment against Meine.  Cal. Gov't Code § 12940(j).  Plaintiff suffered a miscarriage in May 2023.  Compl. ¶ 8.  After Plaintiff became pregnant again and began to have health problems at work, Plaintiff alleges that her supervisor, Meine, "made comments disparaging Plaintiff's decision to have kids and about children in general."  Compl. ¶ 9.  Plaintiff further alleges that Meine "accused Plaintiff of work-related misconduct and became hostile during the confrontation."  Compl. ¶ 10.

      Defendant states that:

> The sum and substance of Plaintiff's claims against Camille Meine are that she "made comments disparaging Plaintiff's decision to have kids and about children in general," and harassed her due to Plaintiff's need for pregnancy leave. Plaintiff makes no allegation of the alleged harassing conduct and alleged disparaging statements about "children in general," is not actionable conduct.

Notice of Removal at 8 (internal citation omitted).

      Defendant is likely correct that the minimal allegations currently in the complaint do not suggest that Meine's actions were "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," as required for a harassment claim.  See Caldera v. Dep't of Corr. & Rehab., 25 Cal. App. 5th 31, 38 (2018).  However, there is no categorical legal bar to a harassment claim in this context, and there is a slight possibility that a state court could find the claim to be sufficient even as currently pleaded.  At the very least, the nature of the allegations suggest that Plaintiff could potentially state a claim if required to provide more detail after a demurrer.

The Court declines to find that the non-diverse defendant was fraudulently joined. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: July 8, 2024

*Dale S. Fischer*
Dale S. Fischer
United States District Judge